UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| IRIS M,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>Defendant. | Case No. 3:25-cv-05751-TLF<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of the Administrative Law Judge's ("ALJ") decision affirming defendant's denial of her application for benefits. Dkts. 4, 11, 14.

Plaintiff asserts three issues. First, she argues the ALJ improperly evaluated her testimony on her symptoms and pain. Dkt. 11 at 3. Second, she argues the ALJ erred when evaluating lay witness evidence. *Id.* at 15. Finally, she argues the ALJ erred when evaluating medical opinions from Dr. Payal M. Shah and Dr. Sarah C. Jones. *Id.* at 10-11, 13.

The parties unanimously consent to the jurisdiction of a Magistrate Judge. Dkt. 2. For the reasons below, the Court **REVERSES** the ALJ's decision and **REMANDS** for further proceedings.

## I. BACKGROUND

Plaintiff applied for disability benefits, alleging an onset date of October 7, 2022. AR 18. Defendant denied plaintiff's application initially and on reconsideration.

An ALJ held a hearing and then issued an unfavorable decision. AR 14, 73. As an overview, the ALJ resolved the required five-step analysis as follows.

For the first step, the ALJ found plaintiff had not engaged in substantial gainful activity since October 7, 2022, the alleged onset date. AR 20.

For the second step, the ALJ found plaintiff had numerous severe impairments, including physical impairments relating to her back as well as psychological impairments relating to anxiety and past trauma. AR 21.

For the third step, the ALJ found plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of listed impairments. AR 21.

For the fourth analytical step, the ALJ formulated plaintiff's RFC, finding she could:

> perform light work as defined in 20 CFR 404.1567(b), with the following additional limitations: frequently climb, stoop, kneel, crouch, and crawl; frequent exposure to extreme cold, vibrations and hazards such as unprotected heights and dangerous machinery; working in approximately two-hour intervals with standard work breaks provided; occasional, superficial interaction with the public; occasional interaction with co-workers and supervisors but no collaborative tasks with coworkers; and normal, routine workplace changes.

AR 23.

When formulating plaintiff's RFC, the ALJ first recounted plaintiff's testimony (AR 23-24), then the third-party statements (AR 24). The ALJ then summarized the medical record and treatment concerning plaintiff's physical conditions (AR 24-26) and

psychological conditions (AR 26-29). The ALJ then found plaintiff's medically determinable impairments could be expected to cause some of the alleged symptoms. AR 29. Even so, the ALJ found these impairments were "less than totally disabling in severity, and less debilitating than the claimant has alleged." AR 29.

The ALJ also considered various medical opinions when formulating the RFC. This included rejecting the September 2022 opinion of Dr. Shah (AR 31) and the December 2024 opinion of Dr. Jones (AR 32).

For the final step, the ALJ found plaintiff would be able to work as an electrical accessories assembler, folder, or small products I assembler. AR 33-34.

## II. DISCUSSION

Under 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of Social Security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Revels v. Berryhill,* 874 F.3d 648, 654 (9th Cir. 2017) (internal citations omitted). Substantial evidence is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill,* 139 S. Ct. 1148, 1154 (2019) (citation omitted). If the evidence would reasonably support affirming the ALJ's decision, or reversing it, the Court may not substitute its own judgment for the ALJ's. *Ferguson v. O'Malley,* 95 F.4th 1194, 1199 (9th Cir. 2024).

The Court must consider the administrative record as a whole. *Garrison v. Colvin,* 759 F.3d 995, 1009 (9th Cir. 2014). The Court also must weigh both the evidence that supports and evidence that does not support the ALJ's conclusion. *Id.* The Court may not affirm the decision of the ALJ for a reason upon which the ALJ did

not rely. *Id.* Rather, only the reasons identified by the ALJ are considered in the scope of the Court's review. *Id.* The Court may determine the ALJ's reasoning by drawing reasonable inferences and determining an implied finding from the record. *Ferguson v. O'Malley,* 95 F. 4th 1194, 1299-1200 (9th Cir. 2024).

**A. Plaintiff's Testimony**

Plaintiff first argues the ALJ improperly rejected her testimony and claims regarding pain and symptoms from her physical and psychological impairments. *E.g.*, Dkt. 11 at 3, 5.

In assessing a plaintiff's credibility, the ALJ must determine whether plaintiff has presented objective medical evidence of an underlying impairment. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). If such evidence is present and there is no evidence of malingering, the ALJ can only reject plaintiff's testimony regarding the severity of his symptoms for specific, clear, and convincing reasons. *Ghanim v. Colvin,* 763 F.3d 1154, 1163 (9th Cir. 2014) (citing *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007)). "This is not an easy requirement to meet: 'The clear and convincing standard is the most demanding required in Social Security cases.'" *Garrison*, 759 F.3d at 1015 (quoting *Moore v. Comm'r of Soc. Sec.*, 278 F.3d 920, 924 (9th Cir. 2002)).

Here, the Court holds the ALJ improperly evaluated plaintiff's testimony regarding the medical record, plaintiff's March 2022 vacation, and plaintiff's alleged drug-seeking behavior.

First, the ALJ's decision improperly based his reasoning on a generalized summary of plaintiff's testimony and the medical record. The ALJ's analysis began by summarizing plaintiff's testimony. AR 23-24. The ALJ then provided a separate

summary of plaintiff's medical history as to her physical and psychological conditions. AR 24-29. Thereafter, the ALJ found that while plaintiff's "medically determinable impairments could reasonably be expected to cause only some of the alleged symptoms," her conditions and limitations "are less than totally disabling in severity, and less debilitating than the claimant alleged." AR 29.

It is reversible error for an ALJ to simply paraphrase a plaintiff's testimony, separately summarize their treatment and medical evidence, while then providing a generalized conclusion finding the medical record is inconsistent with plaintiff's testimony. *Brown-Hunter v. Colvin*, 806 F.3d 487, 490-91, 493-94 (9th Cir. 2015); *see also Timmons v. Comm'r of Soc. Sec.*, 546 F.Supp.2d 778, 794 (E.D. Cal. 2008) ("General findings are insufficient."). In short, a decision "based on unspecified claimant testimony and a summary of medical evidence . . . is not the sort of explanation or the kind of 'specific reasons' we must have in order to review the ALJ's decision meaningfully, so that we may ensure that the claimant's testimony was not arbitrarily discredited." *Brown-Hunter*, 806 F.3d at 493-94.

While a "line-by-line exegesis" or "dissertation[]" was not required, Ninth Circuit "precedents plainly required the ALJ to do more than was done here, which consisted of offering non-specific conclusions that [plaintiff's] testimony was inconsistent with her medical treatment." *Lambert v. Saul*, 980 F.3d 1266, 1277–78 (9th Cir. 2020).

Second, the ALJ's reliance on plaintiff's March 2022 trip to the Philippines was inapposite. AR 29. As the ALJ noted, plaintiff's travel occurred approximately six to seven months before plaintiff's October 2022 onset date. AR 29. Travel or other events which occurred prior to a claimant's onset date are not irrelevant per se. *See Leitner v.*

*Comm'r of Soc. Sec.*, 361 Fed. App'x. 876, 878 (9th Cir. 2010). However, the fact a claimant took a vacation is also "not necessarily inconsistent with her alleged symptoms and does not demonstrate that she has the capacity to sustain a full-time job." *Kounitski v. Berryhill*, No. 16-CV-03018-LHK, 2017 WL 5900192, at *18 (N.D. Cal. Nov. 30, 2017).

Stated otherwise, a plaintiff's activities "before her alleged onset date—[are] not a clear and convincing reason supported by substantial evidence to discount her credibility where there is no indication in the record that she continued to dedicate a similar amount of time or maintain a similar level" of activity.[1] *Id.* Thus, the ALJ's analysis of plaintiff's pre-onset date travel, which is otherwise untethered to the record of evolution of plaintiff's condition, is insufficient.

Third, the ALJ's assertion of plaintiff's alleged drug-seeking behavior was also inapposite. AR 29. Drug-seeking behavior can be proper reason to reject a plaintiff's testimony. *See Alexander v. Comm'r of Soc. Sec.*, 373 Fed. App'x 741, 743-44 (9th Cir. 2010). However, "limited evidence of such behavior over a relatively short period of time in the record does not constitute 'substantial evidence' of a lack of credibility." *Branham v. Colvin*, No. 12–CV–00129–JPH, 2013 WL 3830472, at *8 (E.D. Wash. Jul. 24, 2013); *see also Denise J. v. Comm'r of Soc. Sec.*, No. C23-5893 RSM, 2024 WL 2974241, at *3 (W.D. Wash. Jun. 13, 2024); *see also Kahle v. Berryhill*, No. C17-5438 JCC, 2018

[1] The ALJ also briefly references plaintiff's attendance at a Seahawks game after her onset date, but without any further substantive analysis. AR 28. To the extent the ALJ relies on this event in rejecting plaintiff's testimony, this Court rejected reliance on a similar event. *Tracie T. v. Comm'r of Soc. Sec.*, No. 2:24-cv-01544-TLF, 2025 WL 1481980, at *6 (W.D. Wash. May 23, 2025) ("As to the Seahawks game, the context reveals that although plaintiff attended the game, it caused such a severe flair in her symptoms that she went to the emergency room."); AR 1975 ("she reports having recently attended Seattle Seahawks game w/ full stadium . . . patient reported feeling very apprehensive and anxious . . ."). Thus, to the extent the ALJ generally relied on the Seahawks game, the ALJ must provide a more particularized analysis of the record regarding this event on remand.

WL 1994086, at *5 (W.D. Wash. Apr. 27, 2018) ("The possibility of drug seeking behavior is not enough").

Here, the ALJ cites a note from a provider at plaintiff's June 2022 emergency room visit, and plaintiff's "extreme reaction" to not receiving dilaudid, a pain medication. AR 29 (citing AR 577 ("I have a strong suspicion for opioid seeking behavior based on this encounter")). However, as the ALJ acknowledged, plaintiff "received the dilaudid she was seeking" despite this one provider's suspicion. AR 29. The ALJ's limited citation to the record is insufficient to find drug-seeking behavior. *See Fawn H. v. Comm'r of Soc. Sec.*, No. C20-0231 RSM, 2020 WL 5105449, at *2 (W.D. Wash. Aug. 31, 2020) (rejecting an ALJ's reliance on a similar note and "in which Plaintiff became upset at not getting her hydrocodone prescription a week early.").

Accordingly, the ALJ's analysis and reasons for rejecting plaintiff's testimony, including inconsistency with the record, plaintiff's vacation, and alleged drug-seeking behavior, are insufficient.

**B. Lay Witnesses**

The ALJ intertwined his discussion of plaintiff's testimony with plaintiff's lay witnesses. *E.g.*, AR 23-24. Specifically, the ALJ summarized each lay witness' testimony and then stated "these statements are inconsistent with the objective medical evidence a discussion of which follows" before then, as discussed above, providing a general summary of plaintiff's medical history. AR 24.

Even after the 2017 updates to the Social Security regulations, the Ninth Circuit has continued to require ALJs to provide reasons germane to each lay witness to discount their testimony. *Hahn v. Kijakazi*, 725 F. Supp. 3d 994, 1016 (N.D. Cal. 2024).

While an ALJ need not engage in a statement-by-statement or witness-by-witness analysis, *id.*, an ALJ fails to provide germane reasons for rejecting lay witness testimony when they "failed to describe any specific inconsistency between each witness's statement and the medical evidence." *Jospeh M. R. v. Comm'r of Soc. Sec.*, No. 3:18-cv-01779-BR, 2019 WL 4279027, at *12 (D. Or. Sept. 10, 2019); *see also Tanya L. v. Comm'r of Soc. Sec.*, 526 F. Supp. 3d 858, 870 (D. Or. 2021) ("although the ALJ is not required to use the same factors as required for medical sources, he is still required to articulate his analysis and his reasons for discounting such statements.").

The ALJ's generalized statement that all of the lay witnesses are inconsistent with the medical record thus fails to provide reasons germane to each witness when rejecting their testimony.[2]

**C. Medical Opinions**

Plaintiff next challenges the ALJ's consideration of medical opinions from Dr. Shah and Dr. Jones. *E.g.*, Dkt. 11 at 10-11, 13.

As plaintiff applied for benefits after March 27, 2017, her claims are governed by defendant's updated regulations for evaluating medical opinions.

Under the applicable regulations, the Commissioner "will not defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). The ALJ must nonetheless explain with specificity how he or she considered the factors of supportability or consistency in evaluating the medical opinions. 20 C.F.R. §§

[2] To the extent the ALJ relies on plaintiff's vacation and alleged drug seeking behavior, these reasons are insufficient as previously discussed in regard to plaintiff's own testimony. *See Hahn*, 725 F.Supp.3d at 1016-17.

404.1520c(a)–(b), 416.920c(a)–(b); *Woods v. Kijakazi*, 32 F.4th 785, 791-92 (9th Cir. 2022). Supportability means the extent to which a medical source supports their opinion by explaining the relevant medical evidence. *Woods,* 32 F.4th at 791-92. Consistency means the extent to which an opinion is consistent with the evidence from other medical and non-medical sources in the claim. *Id.* at 792. The ALJ cannot reject an opinion as unsupported or inconsistent without providing an explanation supported by substantial evidence. *Id.*

**i. Dr. Shah**

In September 2022, Dr. Shah completed two reports for the Department of Veterans Affairs concerning plaintiff's back conditions and peripheral nerves conditions respectively. AR 1720, 1734. While Dr. Shah's opinions are stated partially in a check-box form, she also provides numerous written explanations for her findings and assessed limitations.

The ALJ discounted Dr. Shah's reports on the basis that "some of the opinions are stated only in check-box form." AR 31. The ALJ also found the "report to be inconsistent with the record." AR 31. Specifically, the ALJ cited plaintiff's alleged "drug-seeking" behavior and, as an example, asserts a portion of Dr. Shah's report regarding "decreased flexion and strength" is inconsistent with the record. AR 31 (citing AR 576, 623, 1099, 1169, 1208, 1329).

The ALJ's reasoning for rejecting Dr. Shah's opinion is insufficient.

First, the fact a medical opinion was stated in a check-box form is not always a basis for rejecting it, especially where the report is accompanied by written explanations as Dr. Shah provided here. *See*, *e.g.*, *Heredia v. Comm'r of Soc. Sec.*, No. 1:25-cv-

00514-GSA, 2026 WL 820892, at *3 (E.D. Cal. Mar. 25, 2026) (noting that while the medical opinion was in a check-box form, it nonetheless fleshed out those terms and contained fill-in-the-banks which address other specific considerations).

Second, the ALJ's reliance on plaintiff's alleged drug-seeking behavior is inapposite for the reasons discussed above.

Third, considering Dr. Shah based her reports on an in-person evaluation and offered narrative explanations of her findings, the ALJ's generalized and un-elaborated finding of inconsistency, coupled with a limited and un-elaborated citation to the record regarding only Dr. Shah's "flexion and strength" findings, is an insufficient explanation and basis to reject Dr. Shah's entire report. *See Sabrina M. v. Comm'r of Soc. Sec.*, No. 25-cv-08597-TSH, 2026 WL 1589972, at *6 (N.D. Cal. Jun. 3, 2026) ("But the ALJ did not explain how these normal findings are non-supportive of Dr. Jakubowski's assessed limitations. Notably, the ALJ focused only on the mental status exam but did not discuss Dr. Jakubowski's findings related to Plaintiff's clinical interview and review of Plaintiff's medical records.").

**ii. Dr. Jones**

Dr. Jones provided a Psychiatric and Psychological RFC Report in December 2024. AR 2015. The majority of the report is provided in a check-box format, with some written explanations for certain topics, including the overall prognosis. AR 2015. Dr. Jones noted her report is based on the provider's past treatment of plaintiff, which had occurred approximately every two to three weeks since November 2023. AR 2015.

The ALJ discounted Dr. Jones' assessment as "heavily influenced by the claimant's self-report." AR 32. The ALJ also found the assessment was in a "conclusory,

check-box form" a portion of which was left blank as Dr. Jones stated a "'formal assessment is outside of this provider's scope of practice.'" AR 32 (quoting AR 2021). The ALJ then asserts Dr. Jones "does not appear fully informed about the lack of support," and cites the earlier discussed treatment note suspecting plaintiff of drug seeking behavior. AR 32 (citing AR 577).

The ALJ's reasoning for rejecting Dr. Jones's opinion is insufficient.

First, the mere fact a psychiatric/psychological report is based on a patient's self-report is an insufficient reason to reject it, at least until the ALJ provides a proper analysis rejecting plaintiff's credibility as to her subjective complaints and testimony. *Ninj M. v. Bisignano*, 827 F. Supp. 3d 1282, 1292 (N.D. Cal. 2026) ("A patient's self-reported symptoms to a treating medical professional can certainly form the basis of the medical professional's opinion because that professional has received training to assess self-reported symptoms."); *but see Stramol-Spirz v. Saul*, 848 Fed. App'x. 715, 718 (9th Cir. 2021).

Second, and as discussed, the fact a medical opinion was stated in a check-box form is not always a basis for rejecting it, especially when considering the provider had been treating the plaintiff since November 2023. *See*, *e.g.*, *Heredia*, 2026 WL 820892, at *3; *see also Garrison*, 759 F.3d at 1013 (noting the ALJ "failed to recognize that the opinions expressed in check-box form in the February 2008 PFC Questionnaire were based on significant experience with Garrison . . .").

Third, the ALJ's reliance on plaintiff's alleged drug-seeking behavior is inapposite for the reasons discussed above.

Fourth, the ALJ's generalized and otherwise un-elaborated finding that Dr. Jones "does not appear fully informed about the lack of support for the claimant's physical complaints, and her possible secondary gain behaviors," which solely cites the earlier discussed emergency room note suspecting plaintiff of drug-seeking behavior, is an insufficient explanation and basis to reject Dr. Jones's entire report. *See Sabrina M.*, 2026 WL 1589972, at *6. That being said, the fact Dr. Jones acknowledged a portion of the report was outside her expertise is a sufficient basis to reject those portions of her report. *See Gerard v. Astrue*, 406 Fed. App'x. 229, 231 (9th Cir. 2010) ("Rushworth based her psychological assessment in part on Gerard's self-reported physical limitations, which lay outside Rushworth's expertise.").

## III. CONCLUSION

For the reasons above, the Court **REVERSES** the ALJ's decision and **REMANDS** this matter for further administrative proceedings. These proceedings will include a de novo hearing, a reevaluation of plaintiff's testimony on her symptoms and pain, a reevaluation of plaintiff's offered lay witnesses, and a reevaluation of the medical opinions of Dr. Shah and Dr. Jones.

Dated this 20th Day of August, 2026.

Theresa L. Fricke
United States Magistrate Judge